CITY OF NEW YORK, Judgment Creditor, *v.* IRVING H. BERNSTEIN, Judgment Debtor.

Supreme Court, Special Term, Queens County, October 21, 1948.

*Milton Solomon* for judgment debtor.

*John P. McGrath, Corporation Counsel* (*Isaac C. Donner* and *Morris L. Heath* of counsel), for judgment creditor.

C. A. JOHNSON, J. The movant, defendant or judgment debtor, seeks to vacate and set aside a so-called jeopardy warrant heretofore issued by a deputy city collector in reliance upon the provisions of title N of chapter 41 of the Administrative Code of the City of New York (§ N41–11.0, subd. b). By this warrant, the city treasurer, as tax collector, seeks to collect personally from the president of a defunct corporate vendor the full amount of unpaid sales tax due from the corporation as vendor, with interest and penalties thereon. The taxes are for the period July 1, 1938–March 31, 1939. The warrant in question was not issued until September 19, 1945, over six years after the last installment of tax became due.

The liability of the president is claimed to have been created, and the procedure followed to have been authorized by various provisions of the successive local laws of the City of New York, imposing sales taxes. For the purpose of this motion, the statute first to be considered is Local Law No. 21 of 1938, adding title N to chapter 41 of the Administrative Code of the City of New York. Subdivision b of section N41–17.0 provided that " Officers of a corporate vendor shall be personally liable for the tax collected or required to be collected by such corpo-

ration under this title, and subject to the penalties hereinabove imposed." Section N41–11.0 of the same local law authorized the collection of the tax in two different ways. Subdivision a authorized actions to enforce payment. Subdivision b authorized as an alternative the issuing of a warrant which, when filed in the judgment docket of the county clerk's office, was given the effect of a judgment. This subdivision further authorized the sheriff or other person executing the warrant " to levy upon and sell the real and personal property of the vendor or purchaser " in an amount necessary to satisfy the warrant plus the costs of execution.

By Local Law No. 101 of 1939, which continued the sales tax through June 30, 1940, subdivision a of section N41–11.0 was amended so as to authorize the city treasurer to issue such warrants for the collection immediately of any taxes believed by him in jeopardy of noncollection. Local Law No. 79 of 1940, which continued the sales tax through June 30, 1941, amended both subdivisions of section N41–11.0, by adding express authorization to the city to collect the tax either by action (subd. a) or by filing a warrant (subd. b) against, among others, an officer of a corporate vendor. This, the first authorization for collection by warrant against an officer of a corporate vendor, became effective after the taxes involved in this motion fell due.

Authority for the city's legislative acts is sought in the language of the successive enabling statutes permitting the imposition of sales taxes by the City of New York, namely: chapter 873 of the Laws of 1934; chapter 444 of the Laws of 1938; chapter 659 of the Laws of 1939. In the first two of these statutes, the following language appears: " Section 1. * * * any city of the state having a population of one million * * * or more * * * is * * * authorized * * * to adopt and amend local laws imposing in any such city any tax and/or taxes which the legislature has or would have power and authority to impose * * * and make provision for the collection thereof by the chief fiscal officer of any such city."

In 1939 the law was amended to read as follows: " § 1 * * * such taxes to be collected and administered by the fiscal officers of such city in the same manner as other taxes which are now collected and administered by such officers in accordance with the charter or administrative code of any such city ".

Issuance of the jeopardy warrant is attacked upon divers grounds, the enumeration of which will serve no purpose herein.

The court has reached the conclusion that nothing in the enabling legislation referred to was intended to authorize the city to impose personal liability for the payment of taxes, due from corporate vendors, upon the officers of such corporations, without regard to negligence, wrongdoing or personal profit by such officers in such nonpayment. No parallel legislation has been called to the court's attention or discovered by the court. The law by which such personal liability is sought to be created is inconsistent with the theory of corporation regulation heretofore followed in this State (*Goldberg & Son* v. *Siegel,* 8 N. Y. S. 2d 897). For this reason, the motion to vacate the warrant is granted.

Settle order on notice.